NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3148

JOE D. CAMERON JERUSALEM,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Joe D. Cameron Jerusalem, of Detroit, Michigan, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3148

JOE D. CAMERON JERUSALEM,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752880195-I-1.

_____

DECIDED: June 6, 2008

_____

Before MICHEL, Chief Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

Joe D. Cameron Jerusalem petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing his petition for review to the Board as untimely and denying his request to reopen his appeal, which was dismissed nineteen years earlier pursuant to a settlement agreement. Jerusalem v. Dep't of the Air Force, No. AT-0752-88-0195-I-1 (M.S.P.B. Jan. 28, 2008). Because Petitioner failed to demonstrate good cause for the nineteen-year delay in filing his petition for review with the Board, we affirm.

## I.    BACKGROUND

Jerusalem was employed by the Department of the Air Force as a Telephone Operator, GS-2, until removed from his position in 1987.  **[RA-2]**  He appealed his removal to the Board.  Represented by counsel, Jerusalem reached a settlement agreement with the government on March 8, 1988, by which he agreed to resign in exchange for withdrawal of the removal and payment of $3,000.  **[RA-2]**  He also agreed not to file any appeal, complaint, or other legal action on matters arising out of his employment with the Air Force.  **[RA-12]**  The administrative judge ("AJ") dismissed his appeal as settled on March 22, 1988.

On May 2, 2007, Jerusalem filed an Individual Right of Action appeal ("IRA") alleging that he was coerced to resign in 1988 in retaliation for whistleblowing activities. The AJ dismissed his IRA for lack of jurisdiction, holding that the Board was only granted jurisdiction over IRAs under the Whistleblower Protection Act in 1989 and that the Board thus had no jurisdiction to review whistleblower claims relating to personnel actions that occurred prior to 1989.  **[RA-13]**  The AJ further held that Jerusalem could not challenge his March 1988 settlement agreement except by filing with the full Board a petition for review of the March 22, 1988 decision.  **[RA-13-14]**  The AJ then forwarded his submissions and the record to the Board.

The full Board treated Jerusalem's IRA as a petition for review or, in the alternative, a request to reopen the appeal.  After being advised by the Board that his petition was untimely and that he had to show good cause for the delay, Jerusalem responded that he suffered from mental illness and submitted medical records and other evidence in support.  **[RA-2-3]**  The Board concluded, however, that Jerusalem had

failed to adequately prove good cause for the nineteen-year delay because the medical evidence and records he submitted only accounted for five of the nineteen years. **[RA-4-5]** The Board also declined to exercise its discretion to reopen the appeal given the length of the delay. As a result, the Board dismissed Jerusalem's petition. Jerusalem then filed the present petition for review with this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.    DISCUSSION

Our standard of review here is narrow. We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

We see no error in the Board's treatment of Jerusalem's IRA as a petition for review of the March 1988 decision or, in the alternative, a motion to reopen the 1988 appeal. Thus, the Board did not abuse its discretion or act contrary to law by requiring Jerusalem to show good cause for the nineteen-year delay between when the 1988 decision became final and his filing of the IRA. See 5 C.F.R. § 1201.56(a)(2)(ii) ("The appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . [t]he timeliness of the appeal . . . ."); Lacy v. Dep't of the Navy, 78 M.S.P.R. 434, 436 (1998). When, as here, the petitioner alleges that illness prevented timely filing, he must "(1) [i]dentify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a

request for an extension of time." Lacy, 78 M.S.P.R. at 437. The medical evidence must cover the entire period of the delay. Perrot v. Dep't of the Navy, 84 M.S.P.R. 468, 471 (1999).

Jerusalem filed his IRA in May 2007 while the deadline for his filing a petition for review of the March 1988 decision was in April 1988. He submitted medical records indicating that he was treated for his mental illness from June 1997 to August 2002. He asserted that he was hospitalized from sometime in 2002 to sometime in 2006 and that he was declared legally incompetent in October 1987, but he provided no records or other evidence to corroborate these assertions. Finally, he also submitted Social Security Administration records indicating that he has been receiving disability benefits since June 1987, but neither those records nor any other submitted evidence indicated what medical conditions were the basis for the benefits. Nor did they show he was mentally or physically incapable to file a petition for review or motion for extension of time with the Board. Based on this record, the Board found that Jerusalem had failed to demonstrate that illness impaired his ability to timely file his petition for the entire nineteen years between when the initial decision became final and when he filed his IRA. This finding is supported by substantial evidence.

On appeal, Jerusalem further argues that other medical records are unavailable because they were only kept for a year. He does not identify which records he is referring to, what time periods they cover, or what the records would show. He further does not explain why these alleged records were only kept for a year when he was able to locate and produce other medical records that were kept for nearly a decade. These allegations on appeal are thus an insufficient basis to hold the Board's decision to be

arbitrary, capricious, an abuse of discretion, or not in accordance with law. In addition, we see no basis to hold, nor does Jerusalem argue, that the Board's decision to not exercise its discretion to reopen the case was erroneous. As a result, we must affirm.

## COSTS

No costs.