NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATRINA D. CONWAY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3084

---

Petition for review of the Merit Systems Protection Board in No. NY0752070253-I-1.

---

Decided: August 13, 2013

---

KATRINA D. CONWAY, of Amityville, New York, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Petitioner Katrina D. Conway seeks review of an order of the Merit Systems Protection Board ("Board") dismissing her petition for review of the decision of an administrative judge on grounds of untimeliness. *Conway v. Dep't of the Treasury*, No. NY-0752-07-0253-I-1 (M.S.P.B. Jan. 3, 2013) [hereinafter *Final Order*]. We *affirm*.

## BACKGROUND

Ms. Conway served as a Human Resources Specialist in the Internal Revenue Service in a probationary capacity from June 19, 2006 to May 18, 2007.

Ms. Conway appealed to the Board alleging that she was improperly discharged. On August 14, 2007, the administrative judge assigned to her case dismissed her appeal for lack of jurisdiction. *Conway v. Dep't of the Treasury*, No. NY-0752-07-0253-I-1 (M.S.P.B. Aug. 14, 2007) [hereinafter *Initial Decision*]. The administrative judge explained that, because of her probationary status, Ms. Conway did not meet the statutory definition of an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii) for appeal rights to the Board. *Initial Decision* at 4. The administrative judge's initial decision was sent to Ms. Conway with the following notice:

> This initial decision will become final on **September 18, 2007** unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. . . . These instructions are important because if you wish to file a petition, you must file it within the proper time period.

*Id.* at 5 (emphasis in original). Ms. Conway did not file a petition for review by the Board before September 18,

2007, and the administrative judge's initial decision became the final decision of the Board.

On February 10, 2012, more than four years after the initial decision became final, Ms. Conway filed a petition for review with the Board. Upon receiving her petition, the Board informed her that it was untimely and provided her with an opportunity to file a Motion to Accept Filing as Timely or to Waive Time Limit. In her motion, Ms. Conway alleged that she was undergoing psychotherapy, and enclosed a note from her therapist stating that she had received treatment between May and October of 2007. Ms. Conway further alleged that the managers at the Internal Revenue Service failed to provide her with the documentation necessary to show improper dismissal.

After considering Ms. Conway's motion, the Board denied her petition for review as untimely filed. Ms. Conway appealed the Board's final decision, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a decision of the Board is circumscribed by statute. We can set aside a Board decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Board concluded that Ms. Conway had failed to establish good cause for her four-year delay in filing her petition for review of the initial decision dismissing her appeal for lack of jurisdiction. *Final Decision* at 4. The Board "is afforded considerable discretion in such analyses." *Ford-Clifton v. Dept. of Veteran Affairs*, 661 F.3d 655, 659 (Fed. Cir. 2011). Accordingly, "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v.*

*Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The Board has held that a petitioner alleging delay for medical reasons must affirmatively identify medical evidence that addresses the entire period of delay and explain how the illness prevented a timely filing. *Jerusalem v. Dep't of the Air Force*, 107 M.S.P.R. 660, 663, *aff'd*, 280 Fed. Appx. 973 (Fed. Cir. 2008).

The Board's determination that Ms. Conway failed to show good cause based on illness was reasonable. Ms. Conway contends that the delay was the result of depression, and submitted evidence of psychotherapy treatment between May and October of 2007. However, she provided no explanation as to why she waited another four years after the end of the treatment before filing the petition for review, and therefore could not account for the entire period of the delay.[1]

Ms. Conway has also failed to explain how her depression prevented her from timely filing her petition for review. As the Board noted, the record shows that Ms. Conway was able to pursue litigation in the Equal Employment Opportunity Commission and in federal court between February 2008 and January 2012. *Final Decision* at 3. Ms. Conway did not provide a reason why she could not have done the same before the Board.

---

[1]    Ms. Conway appears to have included additional documentation of medical treatment with her Appeal Brief. However, because our review is limited to the evidence in the record before the Board, we cannot consider any new evidence presented for the first time on appeal. *See Mueller v. U.S. Postal Serv.*, 76 F.3d 1198, 1201-02 (Fed. Cir. 1996) ("Because we are limited to reviewing decisions of the Board based on the record before the deciding official, we decline to base our judgment on evidence that was not part of the record before the administrative judge.").

The Board also did not err in rejecting Ms. Conway's contention that documentation was improperly withheld by the managers of the Internal Revenue Service. *Id.* Ms. Conway did not offer proof to the Board that the documentation existed or that agency managers were withholding the documentation. The Board also properly pointed to Ms. Conway's failure to request an extension of time to obtain the information from the Internal Revenue Service. *Id.*

CONCLUSION

Because Ms. Conway failed to show good cause for untimely filing her petition for review, the decision of the Board dismissing the petition is *affirmed*.

**AFFIRMED**

COSTS

No costs.