# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EMMANUEL S. SAXIONES,
          Appellant,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency.

DOCKET NUMBER
DA-0831-11-0627-I-2

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Norman Jackman</u>, Esquire, Cambridge, Massachusetts, for the appellant.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal of an Office of Personnel Management (OPM) reconsideration decision as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only when: the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by our analysis of the appellant's submission of medical documentation on review, we AFFIRM the initial decision.

## BACKGROUND

¶2    On August 15, 2011, the appellant filed an appeal of an OPM reconsideration decision that found it had correctly computed his disability retirement annuity. *Saxiones v. Office of Personnel Management*, MSPB Docket No. DA-0831-11-0627-I-1, Initial Decision (I-1 ID) at 1 (Oct. 13, 2011). Pursuant to the appellant's request, on October 13, 2011, the administrative judge dismissed the appeal without prejudice to allow him to obtain additional evidence in support of his appeal. I-1 ID at 2. The administrative judge informed the parties of the appellant's right to refile the appeal on or before January 11, 2012. I-1 ID at 2.

¶3    On March 3, 2014, the appellant refiled his appeal. MSPB Docket No. DA-0831-11-0627-I-2, Initial Appeal File (IAF), Tab 1. The administrative judge consequently issued an order on timeliness, noting that it appeared the appellant had refiled his appeal 752 days late and ordering him to file evidence and

argument to show that his appeal was timely refiled or that good cause existed for the delay. IAF, Tab 10. He also informed the appellant how to establish good cause in the event an illness prevented his timely refiling. *Id.* at 3 n.2. The appellant replied, claiming that he suffered from numerous medical problems that prevented the timely refiling of his appeal. IAF, Tab 13. He also claimed that he was submitting 160 pages of medical records to support his assertions, but he failed to attach the documents to his submission. *Id.* As a result, in an initial decision based on the written record, the administrative judge dismissed the appeal as untimely refiled without good cause shown for the delay. IAF, Tab 16, Initial Decision (I-2 ID).

¶4        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition, PFR File, Tab 4, to which the appellant has replied, PFR File, Tab 5. On review, the appellant claims that he emailed the medical records he referenced in his response to the timeliness order to the Board after a failed attempt to e-file them with his submission. *Id.* at 4-5. As a result, the Office of the Clerk of the Board issued a show cause order to the appellant, instructing him to file the 160-page submission that he claimed he emailed to the Board and to explain why he did not e-file the submission with his response to the timeliness order. PFR File, Tab 6. The appellant replied, attaching 160 pages of medical documentation and explaining that the e-file system would not allow him to e-file the submission. PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        On review, the appellant does not dispute that he refiled his appeal 752 days late; rather, he contends that good cause exists for the delay. PFR File, Tabs 1, 5. The Board has identified specific standards for determining whether good cause exists for excusing an untimely refiled appeal of a matter previously dismissed without prejudice. *See Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶ 8 (2010), *aff'd*, 414 F. App'x 292 (Fed. Cir. 2011). These include the following:

the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal. *Id.*

¶6    In the initial decision, the administrative judge recognized that the appellant was pro se when his appeal was dismissed without prejudice and he discerned little prejudice to the agency in allowing the refiled appeal beyond the expenditure of resources to defend it. I-2 ID at 3-4. He found, nevertheless, that the other factors weighed in favor of a finding that the appellant failed to show good cause to excuse the more than 2-year delay. I-2 ID at 3-4. In relevant part, he determined that the appellant, through his representative, did not provide medical documents or sufficient detail to conclude that his alleged medical conditions impacted his ability to refile. I-2 ID at 3. On review, the appellant challenges this finding, claiming that the 160-page submission he emailed to the Board evidenced good cause for his delay in refiling. PFR File, Tab 1 at 4-5. However, as described below, even upon consideration of the appellant's 160-page submission, we find that the appellant still fails to meet his burden.

¶7    Where a party claims that a filing delay was due to illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy v. Department of the Navy*, [78 M.S.P.R. 434](#), 437 (1998). The proffered medical evidence must address the entire period of the delay. *Jerusalem v. Department of the Air Force*, [107 M.S.P.R. 660](#), ¶ 5, *aff'd*, 280 F. App'x 973 (Fed. Cir. 2008).

¶8    Here, the 160-page submission included numerous documents from the appellant's health insurance company that showed he had received medical

"service[s]," such as diagnostic pathology, medical supplies, x-rays, diagnostic lab tests, prescription drugs, and unspecified surgeries, from October 18, 2011, through September 25, 2013. PFR File, Tab 8 at 10-169. Although the documents from his health insurance company show that the appellant received several medical services, including surgeries, from October 2011, through September 2013, he does not attempt to describe in any detail how either the medical services or his illnesses prevented him from timely refiling his appeal or requesting an extension of time to do so. *Id.* Moreover, even if the appellant could make the required showing, he has provided no medical documentation or descriptions of how his illnesses prevented the timely refiling of his appeal from September 25, 2013 (the date of the last medical document), until March 3, 2014 (the date he refiled his appeal). Under these circumstances, the appellant has failed to demonstrate good cause for his untimely refiled appeal. *See Jerusalem*, 107 M.S.P.R. 660, ¶ 8 (the appellant failed to prove that he was impaired from filing his petition for review for the entire period of the more than 19-year delay).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                          William D. Spencer
                          Clerk of the Board

Washington, D.C.