# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHEN DURR,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0752-15-0453-I-1

DATE: January 6, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephen Durr, Chicago, Illinois, pro se.

Maryl R. Rosen, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective June 26, 1996, the agency removed the preference-eligible appellant from his Mail Handler position because he had been absent without leave (AWOL) since January 16, 1996. Initial Appeal File (IAF), Tab 1 at 24, 28-29, 31-32. In its removal notice, the agency informed the appellant of his right to file a Board appeal within 30 days of the effective date of the action. *Id.* at 31. The appellant filed an appeal with the Board regarding his removal on May 14, 2015. IAF, Tab 1. He requested a hearing. *Id.* at 1.

¶3 The administrative judge informed the appellant that, generally, an appellant must file a Board appeal within 30 days of the effective date of the action being appealed, or within 30 days of receiving the agency's decision, whichever is later. IAF, Tab 3 at 1; *see* 5 C.F.R. § 1201.22(b)(1). The administrative judge advised the appellant that his appeal appeared to be untimely filed and would be dismissed unless he established by preponderant evidence that it was timely filed or, if it was not, that good cause existed for his filing delay. IAF, Tab 3 at 1-3. The administrative judge explained that, to establish good cause on the basis of an illness that prevented timely filing, the appellant must: (1) identify the time period during which he suffered from the illness; (2) submit medical and other evidence establishing that he suffered from the illness during the relevant time period; and (3) explain how the illness prevented him from

timely filing his appeal or requesting an extension of time to file. *Id.* at 3-4. He further stated that, if medical evidence was unavailable, the appellant must explain why. *Id.* at 4.

¶4    The appellant responded that he suffers from a "mental disability" and that his symptoms began to worsen in December 1995. IAF, Tab 6 at 2. He submitted a letter from a psychologist, dated December 14, 1995, indicating that he then was experiencing "an exacerbation of symptoms" and should be excused from work until January 19, 1996, at which time she would reevaluate his condition. IAF, Tab 1 at 26; *see* IAF, Tab 7 at 2. He stated that he received the agency's decision notice on May 16, 1996, but then was undergoing psychiatric treatment and was not competent to understand the contents of the notice. IAF, Tab 6 at 3, Tab 7 at 3-4. He alleged that he had not "become legally inclined to understand the seriousness" of his removal, and the damage he suffered as a result of the agency's erroneous denial of his request for leave under the Family and Medical Leave Act of 1993 for the time period forming the basis of the AWOL charge, "until recently." IAF, Tab 6 at 3, Tab 7 at 4. He conceded that his appeal was untimely filed, but requested a waiver of the time limit based on the foregoing. IAF, Tab 6 at 4.

¶5    Based on the written record, the administrative judge dismissed the appellant's appeal as untimely filed without good cause shown for the untimely filing. IAF, Tab 8, Initial Decision (ID). He found that the appellant should have filed his appeal no later than July 26, 1996, but did not do so until nearly 19 years after that deadline. ID at 2, 4. As to the appellant's claim that he was unable to file his appeal "until recently," he noted that the appellant did not identify the specific date he became competent to file his appeal, or what steps he took to file his appeal once he was able to do so. ID at 7. He further found that the appellant did not show good cause for his filing delay because: (1) the delay was substantial; (2) the appellant failed to identify the basis for his alleged incompetency; (3) the medical documentation the appellant submitted did not

support a finding that he was unable to timely file his appeal; and (4) the appellant failed to explain why he did not submit any medical documentation that would support his claim. ID at 4-7.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He concedes that his appeal was untimely filed, but again argues that he is entitled to a waiver of the filing deadline due to his mental illness.[2] *Id.* The agency did not file a response.

¶7 As explained by the administrative judge, to establish that an untimely filing was the result of an illness, an appellant must: (1) identify the time period during which he suffered from the illness; and (2) submit medical evidence showing that he suffered from the alleged illness during that time period. IAF, Tab 3 at 3-4; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). He also must demonstrate how the illness prevented him from timely filing his appeal or a request for an extension of time. *Lacy*, 78 M.S.P.R. at 437 There is no general incapacitation requirement; rather, the appellant is required to explain only why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time. *Id.* at 437 n.*. However, a generalized claim of a medical problem without a specific explanation of how the problem prevented the appellant from meeting the filing deadline does not constitute good cause. *Gross v. U.S. Postal Service*, 103 M.S.P.R. 334, ¶ 11 (2006). Medical evidence proffered to establish that an untimely filing was the result of an illness must address the entire period of the delay. *Jerusalem v. Department of the Air Force*, 107 M.S.P.R. 660, ¶ 5, *aff'd*, 280 F. App'x 973 (Fed. Cir. 2008).

---

[2] The appellant requested an extension of time to file medical evidence in support of his request for a waiver of the filing deadline. PFR File, Tab 1 at 4. He was granted four extensions over a period of 4 months, PFR File, Tabs 2, 4, 6, 8, after which his requests for two further extensions were denied, PFR File, Tabs 9-12; *see* 5 C.F.R. § 1201.114(f). Following the Board's orders denying his requests for further extensions, PFR File, Tabs 10, 12, on December 21, 2015, the appellant requested another extension of time to supplement his petition for review, PFR File, Tab 13. The Board denies the appellant's request.

¶8     We agree with the administrative judge that the appellant failed to establish good cause for his filing delay.  Below, the appellant did not identify the specific time period during which his mental illness prevented him from filing his appeal.  Rather, he made the vague claim that he only had become competent to file "recently."[3]  IAF, Tab 6 at 3, Tab 7 at 4.  On his initial appeal form, the appellant appeared to suggest that his mental disability is episodic.  IAF, Tab 1 at 9.  The December 1995 note from his psychologist only provides information as to his condition through January 19, 1996.  *Id.* at 26.

¶9     In addition, the appellant only made a generalized assertion of incompetence.  IAF, Tab 6 at 3, Tab 7 at 4.  He did not identify his diagnosis or his symptoms, and also failed to provide any specific explanation as to how his illness prevented him from timely filing his appeal or requesting an extension.  *See Jerusalem*, 107 M.S.P.R. 660, ¶ 6 (finding the appellant's assertion that he was not sufficiently competent to pursue his appeal, with no medical evidence as to how his medical condition impaired him from pursuing his appeal for more than 19 years, insufficient to establish good cause).  We thus find that the appellant did not establish that his medical condition impaired his ability to file an appeal between the effective date of his removal in 1996 and the date he ultimately filed his appeal in 2015.  Therefore, we affirm the initial decision.

---

[3] On review, the appellant claims that he regained competency in May 2015.  PFR File, Tab 1 at 3-4.  We need not consider this claim because the appellant could have raised it below, but failed to do so.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Indeed, the administrative judge explicitly directed the appellant to identify the time period during which his alleged illness prevented him from filing his appeal.  IAF, Tab 3 at 3.  Even if we were to consider this claim, it would not cause us to reach a different conclusion because the appellant has presented no evidence, medical or otherwise, establishing that he was continuously unable to file his appeal between July 1996 and May 2015.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[4]**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

---

[4] The administrative judge failed to inform the appellant of his mixed-case right to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the U.S. District Court.  This was error, but it does not constitute reversible error, because we notify the appellant of his mixed-case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.