## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KENNETH ROBERT GARDY,<br>Appellant, | DOCKET NUMBER<br>AT-0752-16-0156-I-1 |
| v. | |
| DEPARTMENT OF<br>TRANSPORTATION,<br>Agency. | DATE: May 26, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Kenneth Robert Gardy</u>, West Columbia, South Carolina, pro se.

<u>Taneesha D. Marshall</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal as untimely filed.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In this October 29, 2015 appeal, the appellant sought to challenge his September 4, 2015 termination from his Aviation Safety Technician position during his probationary period.  Initial Appeal File (IAF), Tab 1 at 1-6, 8.  With his appeal, he included a letter requesting an extension of the time allowed to file it, citing trauma from the termination and his subsequent job search as the reason for his delay.  *Id.* at 7.  In addition to the acknowledgment order setting forth the appellant's burden to establish jurisdiction over his appeal, IAF, Tab 2, the administrative judge issued an order on timeliness in which he informed the appellant that, generally, an appellant must file a Board appeal within 30 days of the effective date of the action being appealed, or within 30 days of receiving the agency's decision, whichever is later, IAF, Tab 3 at 1-2.  *See* 5 C.F.R. § 1201.22(b)(1).

¶3        The administrative judge advised the appellant that, because he filed his appeal 25 days after its due date, the appeal appeared to be untimely filed and would be dismissed unless he established by preponderant evidence that it was timely filed or, if it was not, that good cause existed for his filing delay.  IAF, Tab 3 at 2-3.  The administrative judge also explained that, to establish good cause on the basis of an illness that prevented timely filing, the appellant must:

(1) identify the time period during which he suffered from the illness; (2) submit medical and other evidence establishing that he suffered from the illness during the relevant time period; and (3) explain how the illness prevented him from timely filing his appeal or requesting an extension of time to file. *Id.* at 3-4. He further stated that, if medical evidence was unavailable, the appellant must explain why. *Id.* The appellant did not respond. Without holding a hearing, the administrative judge dismissed the appeal as untimely filed. IAF, Tab 5, Initial Decision (ID).

¶4      In his petition for review, the appellant claims that he was unable to file his appeal within the prescribed time limit due to Post Traumatic Stress Disorder (PTSD) caused by his termination and the alleged hostile work environment he experienced in the agency's West Columbia, South Carolina office. Petition for Review (PFR) File, Tab 1. He asserts that "[a]voidance to responding was [his] only approach and it was not working" so he "immediately" sought the help of a professional counselor who ultimately helped him to "respond, discuss and communicate the termination and the events associated with [his] employment in the office." *Id.* at 1. He also challenges the merits of his termination. *Id.* at 1-4. The agency responds in opposition.

¶5      To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In the absence of a response from the appellant to the administrative judge's order on timeliness, he correctly dismissed the appeal based on the appellant's failure to allege or prove that his October 29, 2015 appeal was timely filed or that he had good cause for the untimely filing. *E.g.*, *Caldwell v. Department of the Treasury*, 85 M.S.P.R. 674, ¶ 5 (2000); *Alonzo*, 4 M.S.P.R. at 184. In his initial decision, the administrative judge discussed the appellant's request for an extension of the filing deadline. ID at 3; IAF, Tab 1 at 7. He noted the appellant's failure to provide any documentation suggesting

that he was either "misinformed about the deadline, medically incapacitated, or otherwise unable to satisfy the filing deadline," and commented that the agency's termination letter "correctly stated the Board's 30-day filing deadline." ID at 3. Acknowledging the undoubtable trauma of receiving the termination decision, the administrative judge found nothing in the record to suggest that such trauma rendered the appellant unable to timely file his appeal. *Id.* On the contrary, the administrative judge found the appellant's assertion that he had submitted numerous job applications in the time between his termination and the untimely filing of his appeal indicated "that he had both the physical and mental capacity to also timely file his Board appeal." ID at 3-4. We agree.

¶6        As explained by the administrative judge, to establish that an untimely filing was the result of an illness, an appellant must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) demonstrate how the illness prevented him from timely filing his appeal or a request for an extension of time. IAF, Tab 3 at 3-4; *e.g.*, *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). There is no general incapacitation requirement; rather, the appellant is required to explain only why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time. *Lacy*, 78 M.S.P.R. at 437 n.*. However, a generalized claim of a medical problem without a specific explanation of how the problem prevented the appellant from meeting the filing deadline does not constitute good cause. *E.g.*, *Gross v. U.S. Postal Service*, 103 M.S.P.R. 334, ¶ 11 (2006).

¶7        Regarding the appellant's assertions of PTSD, he did not identify any symptoms, and he failed to provide any specific explanation as to how his alleged condition prevented him from timely filing his appeal or requesting an extension before the filing deadline. *See Jerusalem v. Department of the Air Force*, 107 M.S.P.R. 660, ¶ 6 (finding the appellant's assertion that he was not sufficiently competent to pursue his appeal, with no medical evidence as to how

his medical condition impaired him from doing so, was insufficient to establish good cause), *aff'd*, 280 F. App'x 973 (Fed. Cir. 2008); *cf. Caldwell*, 85 M.S.P.R. 674, ¶ 5 (finding that the appellant diligently requested an extension before the filing deadline). Moreover, the appellant has provided no medical evidence that would indicate that he suffered from PTSD during the time period between his probationary termination and the filing deadline for his appeal. Thus, the appellant failed to show that his medical condition impaired his ability to file an appeal between the effective date of his termination and the date he filed his appeal. Therefore, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.