# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY A. CONEY,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DA-0432-16-0220-I-1

DATE: May 5, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony A. Coney</u>, Harker Heights, Texas, pro se.

<u>Patrick A. Keen</u>, Shreveport, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

**BACKGROUND**

¶2      The appellant filed a Board appeal challenging the agency's decision to remove him from his position, effective January 22, 2016.  Initial Appeal File (IAF), Tab 1.  After holding a jurisdictional hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction because she found that, prior to filing his Board appeal, the appellant had elected to challenge his removal via the negotiated grievance procedure.  IAF, Tab 28, Initial Decision (ID).  The appellant filed a petition for review of the initial decision, which the Board received on December 29, 2016.  Petition for Review (PFR) File, Tab 1.  In a December 29, 2016 acknowledgement letter, the Office of the Clerk of the Board informed the appellant that his petition for review appeared to be untimely and afforded him the opportunity to file a motion to accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2.  In response, the appellant filed a motion to waive the time limit in which he asserted that the initial decision was not available for viewing and he was experiencing "medically incapacitating episodes."  PFR File, Tab 5 at 5.[3]  The agency responded to the appellant's petition, arguing that it should be dismissed as untimely filed without good cause shown, or alternatively, for failing to meet the standards for obtaining review.  PFR File, Tab 4.

---

[3] We have not considered the appellant's additional pleading filed on February 1, 2017, because it was not filed by the January 13, 2017 deadline.  PFR File, Tabs 2, 6. Regardless, even if we did consider such evidence, it would not change the outcome.

¶3    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The appellant asserts that the initial decision was "not available for viewing" and submitted evidence that on or about December 26, 2016, he requested technical support from the Board because he could not access the initial decision via e-Appeal. PFR File, Tab 5 at 5, 7-8. According to the appellant, he received a copy of the decision on December 28, 2016. *Id.* at 7. However, the record reflects that the initial decision in this matter was transmitted via e-Appeal on October 28, 2016. IAF, Tab 29. There is no indication that the email notification the appellant received regarding the initial decision was received after the October 28, 2016 date of service. Additionally, the Board's e-Appeal logs reflect that the appellant logged on to access the Board's e-Appeal Repository on October 28, 2016, as well as on numerous other dates between October 28 and November 28, 2016. If there was a problem with the appellant's e-Appeal access, it should have been identified and resolved within the 35-day time period for filing a petition for review. The appellant has not explained why he did not act diligently to request assistance viewing the initial decision but rather waited 2 months to do so.

¶4    Regardless, as a registered e-filer, the appellant consented to receive all documents issued by the Board in electronic form and to monitor case activity via e-Appeal to ensure that he received all case-related documents. IAF, Tab 6; *see* 5 C.F.R. § 1201.14(e)(1), (j)(3). Further, Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2); *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). When a law or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *See, e.g.*, *Martinez v. Broadcasting Board of Governors*, 115 M.S.P.R. 46, ¶ 6 (2010);

*Terrell v. U.S. Postal Service*, 114 M.S.P.R. 38, ¶ 8 (2010); *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009). Thus, we find that the appellant is deemed to have received the initial decision on October 28, 2016, and his December 29, 2016 petition for review was untimely filed by almost 1 month after the December 2, 2016 filing deadline. ID at 9; PFR File, Tab 1.

¶5 The Board will waive the time limit upon a party's showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(f); *see Palermo*, 120 M.S.P.R. 694, ¶ 4. To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.* If the appellant asserts that there was good cause for his delay because a medical condition affected or impaired his ability to file a timely appeal, then he must identify the time period during which he suffered from an illness; submit medical evidence showing that he suffered from the illness during that time period; and explain how the illness prevented him from timely filing the appeal. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶6 In his motion to waive the filing deadline for good cause shown dated January 12, 2017, the appellant asserts that he was in bed incapacitated with back issues, could not function, and had medically incapacitating episodes 28-30 days out of the past 60 days. PFR File, Tab 5 at 5-6. As support, he submitted an application for Department of Veterans Affairs disability benefits that appears to be signed by his doctor on January 9, 2017, which indicates that he was diagnosed with lumbar radiculopathy in 2016 and suffers from low back pain. *Id.* at 9-19.

The application further indicates that the appellant suffered incapacitating episodes at least 2 weeks but less than 4 weeks over the past 12 months. *Id.* at 16. It is unclear from the record which dates the appellant contends that he was incapacitated. Nonetheless, the appellant does not allege that he was incapacitated during the entire filing period, and he has not explained why he could not have filed his petition for review or an extension request on the remaining days on which he was not incapacitated. *See, e.g.*, *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 15 (2009) (finding that the appellant failed to establish good cause for her untimely petition for review when she provided evidence that she was examined at a hospital, recommended 4 days of bed rest, and out of work for a few days during the filing period but failed to explain her illness or how it prevented her from filing a timely petition for review); *McDonald v. U.S. Postal Service*, 109 M.S.P.R. 100, ¶ 7 (2008) (finding that the appellant failed to establish good cause for his filing delay because his evidence did not explain how his condition prevented him from timely filing or requesting an extension for the entire period of the delay); *Jerusalem v. Department of the Air Force*, 107 M.S.P.R. 660, ¶ 5 (stating that the proffered medical evidence must address the entire period of the delay), *aff'd*, 280 F. App'x 973 (Fed. Cir. 2008). Additionally, although the appellant is pro se, the Board has held that a delay of 1 month is significant. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6, *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008). After considering the appellant's evidence, we find that it does not support a finding that he was medically prevented from timely filing his petition for review or from requesting an extension of time. *See Lacy*, 78 M.S.P.R. at 437.

¶7      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.