# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GARY S. SCHNELL,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBERS
CH-1221-12-0770-W-3
CH-0752-13-0056-I-3

DATE: July 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary S. Schnell</u>, Sparta, Wisconsin, pro se.

<u>Eric J. Teegarden</u>, Esquire, Fort McCoy, Wisconsin, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed petitions for review of the two initial decisions, both of which dismissed his appeals as untimely filed. Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decisions are based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

cases; the administrative judge's rulings during either the course of the appeals or the initial decisions were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant previously had filed an individual right of action (IRA) appeal claiming, inter alia, that the agency denied him a temporary promotion in retaliation for whistleblowing. *See Schnell v. Department of the Army*, MSPB Docket No. CH‑1221‑07‑0700‑W-1. The Board found that he was the victim of retaliation for whistleblowing and ordered the agency to promote him. *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, 95 (2010). As a result, the agency promoted the appellant to an Environmental Engineer, GS‑0819-12 position. Subsequently, the appellant filed a petition for enforcement arguing that the agency had not complied with the Board's order; however, an administrative judge found that the agency already had complied with the Board's order by promoting the appellant, though it had not complied with respect to other issues in the Board's order. *See Schnell v. Department of the Army*, MSPB Docket No. CH-1221-07-0700-B‑1, Recommendation (Oct. 18, 2011). In response to the administrative judge's recommendation in the compliance matter, the appellant disputed the administrative judge's compliance findings concerning the

promotion. *See Schnell v. Department of the Army*, MSPB Docket No. CH-1221-07-0700-X‑2 (compliance referral matter).

¶3      While the compliance referral matter was pending, the agency removed the appellant from his Environmental Engineer position for unacceptable performance. The appellant simultaneously filed a Board appeal challenging his removal, *Schnell v. Department of the Army*, MSPB Docket No. CH-0752-13-0056-I-1, Initial Appeal File (IAF), Tab 1, and an IRA appeal alleging that the agency took several personnel actions against him in retaliation for his whistleblowing, *Schnell v. Department of the Army*, MSPB Docket No. CH-1221-12-0770-W-1 (W-1 AF), Tab 1.

¶4      The administrative judge issued initial decisions for each appeal finding that the Board's final decision in the compliance referral matter could substantially and dramatically alter the basis for adjudicating his removal and IRA appeals. IAF, Tab 6, Initial Decision (I-1 ID) at 2; W-1 AF, Tab 7, Initial Decision (W-1 ID) at 3. For that reason, the administrative judge dismissed the appellant's removal and IRA appeals without prejudice to refiling within 30 days after the appellant received the Board's Final Order in the compliance referral matter. I-1 ID at 2; W-1 ID at 3.

¶5      The Board issued a Final Order finding the agency in compliance in the compliance referral matter. *See Schnell v. Department of the Army*, MSPB Docket No. CH-1221-07-0700-X-2, Final Order (Aug. 21, 2014). On September 18, 2014, the appellant timely refiled his removal and IRA appeals, stating his intention also to appeal the Board's August 21, 2014 Final Order on his compliance appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *Schnell v. Department of the Army*, MSPB Docket No. CH-0752-13-0056-I-2, Appeal File (I-2 AF), Tab 1; *Schnell v. Department of the Army*, MSPB Docket No. CH-1221-12-0770-W-2, Appeal File (W-2 AF), Tab 1. The administrative judge found, as before, that the Federal Circuit's decision in the appellant's compliance action could substantially and dramatically

alter the basis for adjudicating his removal and IRA appeals, and that the interests of justice and administrative efficiency would be served best by holding in abeyance his removal and IRA appeals to await a decision from the Federal Circuit concerning it. I-2 AF, Tab 3, I-2 ID at 3; W-2 AF, Tab 3, W-2 ID at 3-4. For that reason, the administrative judge issued initial decisions dismissing, for the second time, both appeals without prejudice to the appellant's right to refile within 30 days after he received the Federal Circuit's decision adjudicating his appeal of the compliance action. I‑2 AF, Tab 3, I-2 ID at 3; W-2 AF, Tab 3, W-2 ID at 4.

¶6        On March 25, 2015, the Federal Circuit issued its decision affirming the Board's compliance findings. *Schnell v. Department of the Army*, 605 F. App'x 974, 975 (Fed. Cir. 2015). On June 10, 2015, the appellant refiled his removal and IRA appeals. *Schnell v. Department of the Army*, MSPB Docket No. CH-0752-13-0056-I-3, Appeal File (I-3 AF), Tab 1; *Schnell v. Department of the Army*, MSPB Docket No. CH-1221-12-0770-W-3, Appeal File (W-3 AF), Tab 1. Because the appeals appeared untimely refiled by 47 days, the administrative judge issued show cause orders on timeliness. I-3 AF, Tab 3 at 2-3; W-3 AF, Tab 3 at 2-3. In response, the appellant acknowledged that the Federal Circuit's decision in the compliance action was dated March 25, 2015. However, he asked the administrative judge to waive the filing deadline for his refiled Board appeals in part because he forgot about the deadline while he was "weighing his options" and considering whether to appeal the Federal Circuit's decision to the U.S. Supreme Court. I-3 AF, Tab 7 at 1; W-3 AF, Tab 7 at 1. In addition, the appellant asked the administrative judge to dismiss the appeals without prejudice "until the [Office of Special Counsel] rules on the 'new evidence' that [he planned] to submit." I-3 AF, Tab 7 at 2; W-3 AF, Tab 7 at 2. The appellant's purportedly new evidence referred to "the evidence that [he] submitted to the Chicago Regional Office and to the Washington Office after

23 July 2007."  I-3 AF, Tab 7 at 2; W-3 AF, Tab 7 at 2.  The appellant also raised additional arguments unrelated to the timeliness of these refiled appeals.

¶7        Based on the written record, the administrative judge dismissed the refiled appeals as untimely with no good cause shown for the delay.  I‑3 AF, Tab 8, I‑3 ID;  W-3 AF, Tab 8, W-3 ID.   The administrative judge found that the appellant did not show good cause for the refiling delay because the deadline was clear and unambiguous.  He also found that the appellant stated that he forgot about the filing deadline, not that he was unaware of it, and that, in his mind, he had 90 days to refile his appeals.  The administrative judge further found that the appellant offered no other reason to explain why he failed to refile his appeals before the deadline.  I-3 ID at 6; W‑3 ID at 6.

¶8        The appellant filed substantially similar petitions for review for the refiled removal and IRA appeals, and the agency opposes both.  I-3 Petition for Review (PFR) File, Tabs 1, 3; W‑3 PFR File, Tabs 1, 3.  We join these cases because doing so will expedite the processing of these cases on review and will not adversely affect either party.  *See* 5 U.S.C. § 7701(f)(2).

## ANALYSIS

¶9        It is undisputed that the refiled appeals are untimely.   The Board has identified the following factors as supporting a finding of good cause for waiving a refiling deadline:  (1) the appellant's pro se status, his timely filing of the initial appeal, his intent throughout the proceedings to file an appeal, his minimal delay in refiling, and any justifiable confusion; (2) the small number of dismissals without prejudice; (3) an arbitrary refiling deadline; (4) the agency's failure to object to the dismissal without prejudice; and (5) the lack of prejudice to the agency in allowing the refiled appeal.   *Gaddy v. Department of the Navy*, 100 M.S.P.R. 485, ¶ 13 (2005); *see* I-3 AF, Tab 3 at 2-3; W-3 AF, Tab 3

at 2-3.  The appellant bears the burden of proof, by a preponderance of the evidence, regarding issues of timeliness.[2]  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶10      The appellant argues, for the first time on review, that the Board should find good cause for waiving the filing deadline based on the *Gaddy* factors.[3] I‑3 PFR File, Tab 1 at 4; W‑3 PFR File, Tab 1 at 4.  Applying the *Gaddy* factors in this case, we find no reason to disturb the initial decisions dismissing these appeals as untimely refiled.  First, it is true that this pro se appellant timely filed his initial appeals and he stated his intent to refile his appeals.  However, his undisputed 47‑day delay in refiling his appeals is not minimal and any alleged confusion about the refiling deadline is implausible considering that he is an experienced appellant familiar with the Board's deadlines and procedures for refiled appeals.  Second, his appeals were previously dismissed without prejudice twice, yet he responded to the show cause orders on timeliness by asking for another dismissal without prejudice.  I-3 AF, Tab 7 at 2; W‑3 AF, Tab 7 at 2. Third, the refiling deadline was not arbitrary, but based on the appellant's receipt of an anticipated Federal Circuit decision in a related compliance action that could have affected the joined appeals.  Fourth, contrary to the appellant's arguments on review that the agency did not object to his dismissals without prejudice to refiling and that the agency would not be prejudiced if he refiled his appeals, I‑3 PFR File, Tab 1 at 4; W‑3 PFR File, Tab 1 at 4, the agency opposes his petitions for review and asks the Board to uphold the initial decisions dismissing his appeals as untimely filed without good cause shown, I‑3 PFR File,

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[3] On review, the appellant does not explain his failure to address the *Gaddy* factors in his responses to the show cause orders on timeliness, although the administrative judge informed him that the Board considers these factors in determining whether an appellant has shown good cause to waive the refiling deadline.  I-3 AF, Tab 3 at 2-3; W‑3 AF, Tab 3 at 2‑3.

Tab 3 at 7‑8; W-3 PFR File, Tab 3 at 7-8.  Fifth, despite the lack of any apparent prejudice to the agency in allowing the refiled appeals, we find that the record does not otherwise support finding that the appellant established good cause to excuse his untimely refiling.

¶11    Specifically, the initial decisions dismissing the appeals without prejudice clearly identified that the appellant was required to refile his appeals within 30 days after he received the Federal Circuit's decision adjudicating his appeal of the compliance action.  I-2 AF, Tab 3 at 3; W-2 AF, Tab 3 at 4.  The appellant, however, offers no explanation for his failure to timely refile his appeals or to ask for an extension of time to refile his appeals within the relevant time period. *See generally Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶¶ 9–10 (2010) (finding no good cause for a pro se appellant's 1½ month delay in refiling his appeal where the initial decision clearly identified the date for refiling and he failed to provide any evidence justifying any confusion over the deadline or his failure to request an extension), *aff'd*, 414 F. App'x 292 (Fed. Cir. 2011).

¶12    We have considered the appellant's remaining arguments, including his claim that the administrative judge misconstrued his factual arguments on appeal, but we find no legal basis for disturbing the initial decisions dismissing the appeals as untimely refiled without showing good cause.[4]  I-3 PFR File, Tab 1 at 1; W-3 PFR File, Tab 1 at 1.  We therefore deny his petitions for review.

---

[4] For example, the appellant appears to assert that, below, the administrative judge erred in finding no good cause shown for his untimely refiling because he had a conversation with someone in the regional office on June 9, 2015, that left him uncertain about the filing deadline.  I‑3 AF, Tab 7 at 1; W‑3 AF, Tab 7 at 1.  As this conversation took place after the filing deadline, we do not see how it affected his ability to timely refile his appeals.  The appellant also argues, among other things, that he was "preoccupied with the judgment and opinion of the Federal Circuit and the possibilities for appeal to either the Federal Circuit itself or to the Supreme Court."  I‑3 AF, Tab 7 at 4; W‑3 AF, Tab 7 at 4.  We find that the appellant's indecision about appealing the Federal Circuit's decision in his compliance action does not constitute good cause for waiving the refiling deadline in these joined appeals.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.