NOTE: This disposition is nonprecedential

# United States Court of Appeals
# for the Federal Circuit

_____

**REX T. NELSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2010-3152

_____

Petition for review of the Merit Systems Protection Board in case no. CH0752080811-I-2.

_____

Decided: January 13, 2011

_____

REX T. NELSON, Benton Harbor, Michigan, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Borad, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

_____

Before LINN, SCHALL, and DYK *Circuit Judges.*

PER CURIAM.

Rex T. Nelson ("Nelson") petitions for review of a final order of the Merit Systems Protection Board ("Board"); the Board dismissed his appeal as untimely. *Nelson v. U.S. Postal Serv.*, 113 M.S.P.R. 644 (2010) [hereinafter *Final Order II*]. We *affirm*.

BACKGROUND

Nelson was removed from his position with the United States Postal Service for failure to properly record and handle window cash transactions. Nelson filed an initial appeal of his removal with the Board, which was dismissed without prejudice. *Nelson v. U.S. Postal Serv.*, No. CH-0752-08-0811-I-1, slip op. at 3 (M.S.P.B. Nov. 13, 2008) [hereinafter *Initial Decision I*]. At the time of his initial appeal, criminal charges were pending against Nelson for the embezzlement of postal funds. The agency filed a "motion to dismiss [the] appeal without prejudice to be refiled within six months pursuant to pending criminal charges against [Nelson]." *Id.* at 2. The administrative judge found that dismissal was appropriate because the charges underlying the agency's action were related to the pending criminal charges. *Id.* Thus, Nelson's appeal was dismissed "without prejudice to [Nelson's] right to refile his appeal." *Id.* at 3. As requested by the agency, the administrative judge set the deadline for refiling as the close of business on May 13, 2009, six months from the date of the initial decision. *Id.* In a footnote, the administrative judge specifically warned that any "[f]ailure to refile this appeal by that date will result in a finding that [Nelson] has waived his right to pursue the issues raised by the appeal, absent a showing of good cause for any filing delay." *Id.* at 3 n.1. Nelson petitioned for review of the initial decision dismissing his appeal, arguing that the appeal should be permitted to

continue despite the ongoing criminal proceedings. In a final order dated March 11, 2009, the Board denied the petition for review. *Nelson v. U.S. Postal Serv.*, No. CH-0752-08-0811-I-1, slip op. at 2 (M.S.P.B. Mar. 11, 2009) [hereinafter *Final Order I*]. Nelson pled guilty to the pending criminal charges on March 13, 2009, and he was sentenced on July 31, 2009. *Final Order II* at 646.

Thereafter, on September 10, 2009, Nelson refiled his removal appeal with the Board. The administrative judge noted that Nelson had failed to refile his appeal by the May 13, 2009, deadline set forth in the decision dismissing his appeal without prejudice and found that he failed to show good cause for waiving the deadline. *Nelson v. U.S. Postal Serv.*, No. CH-0752-08-0811-I-2, slip op. at 3 (M.S.P.B. Oct. 8, 2009) [hereinafter *Initial Decision II*]. As a result, the administrative judge issued an initial decision dismissing Nelson's refiled appeal as untimely. *Id.* at 3. In a final order, the Board reopened the case and dismissed the refiled appeal as untimely. *Final Order II*, at 645.

## DISCUSSION

"If a party does not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). The waiver of a filing deadline based on a showing of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The Board has identified several factors to be considered in determining whether good cause exists for excusing the untimeliness of a refiled appeal in cases of this nature: (1) "[t]he appellant's pro se status;" (2) the "timely

filing of the initial appeal;" (3) the appellant's "intent throughout the proceedings to file an appeal;" (4) the length of "delay in refiling, and any confusion [regarding the deadline];" (5) the "number of dismissals without prejudice;" (6) the arbitrariness of the refiling deadline; (7) "the agency's failure to object to the dismissal without prejudice;" and (8) "the lack of prejudice to the agency in allowing the refiled appeal." *Gaddy v. Dep't of the Navy*, 100 M.S.P.R. 485, 489 (2005). Here the Board properly considered these factors, noting that Nelson is a pro se appellant who timely filed his initial appeal, that "his appeal was previously dismissed without prejudice only once and at the agency's request," and that "there is no apparent prejudice to the agency in allowing the refiled appeal." *Final Order II* at 648. Nonetheless, the Board concluded, that "the record does not otherwise support a finding that [Nelson] established good cause to excuse his untimely refiling." *Id.* The Board noted that the initial decision dismissing the appeal without prejudice explicitly informed Nelson that his appeal must be refiled by May 13, 2009, and warned that, absent a showing of good cause, any failure to refile by this date would result in a waiver of Nelson's right to appeal. *Id.* Further, the Board noted that the refiling deadline "was not arbitrary, but based on the agency's estimate of when the criminal proceedings would be concluded." *Id.* The agency also noted that the delay in filing was "hardly minimal"— Nelson refiled his appeal 120 days after the deadline set forth in the initial decision dismissing the appeal without prejudice. *Id.*

Nelson explains the delay in refiling by claiming that he believed he had either six months from the Board's final decision or sixty days from the end of his criminal case to refile his appeal. However, he provides no evidence to support this belief other than the bare contention

that he was "acting on responses from the MSPB Central Regional Office out of Chicago on what [he] should do." Petitioner's Br., Answer to Questions 2, 4, and 5. Nelson claims to have corresponded via e-mal with the MSPB Central Regional Office and that he acted in accordance with the instructions he received. But Nelson did not submit evidence as to the specific instruction he supposedly received or the name of the individual with whom he communicated.

Accordingly, we conclude that the Board did not abuse its discretion by (1) declining to waive the refiling deadline and (2) dismissing the refiled appeal as untimely.

**AFFIRMED**

COSTS

No costs.