# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LISA A. KING,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
NY-0845-15-0291-I-2

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa A. King, Stone Mountain, Georgia, pro se.

Michael Shipley, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her refiled appeal as untimely, without good cause. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to incorporate the proper standard for establishing good cause in the case of an untimely refiled appeal, we AFFIRM the initial decision.

¶2        The appellant initially filed her appeal in August 2015 challenging an Office of Personnel Management (OPM) reconsideration decision pertaining to her retirement annuity and an overpayment.  *King v. Office of Personnel Management*, MSPB Docket No. NY-0845-15-0291-I-1, Initial Appeal File (IAF), Tab 1.  After OPM submitted its response, the appellant moved to dismiss the appeal because she needed additional time to locate relevant documents from storage.  IAF, Tabs 6-7.  Accordingly, the administrative judge dismissed the appeal without prejudice in September 2015.  IAF, Tab 8, Initial Decision (ID).  The administrative judge explained that the dismissal was "subject to the appellant's refiling no later than December 10, 2015."  ID at 3.

¶3        In June 2016, OPM informed the appellant that it would begin collecting the overpayment, citing her failure to refile the Board appeal.  *King v. Office of Personnel Management*, MSPB Docket No. NY-0845-15-0291-I-2, Refiled Appeal File (I-2 AF), Tab 10 at 5.  Many months later, in January 2017, the appellant refiled her appeal.  I-2 AF, Tab 1.  She indicated that OPM's withholdings were causing financial hardship, asserting that she "was homeless

for the past couple of years [and does not] want to be homeless again." I-2 AF, Tab 2 at 2.

¶4    The administrative judge issued an order indicating that the refiled appeal appeared untimely by more than a year and instructing the appellant to establish good cause. I-2 AF, Tab 4. The appellant responded, asserting that she tried to make contact in December 2015, "calling to find out what [she] needed to do." I-2 AF, Tab 8 at 1. According to the appellant, she left messages but no one ever contacted her. *Id*. The appellant did not indicate who at the Board, if anyone, she tried to contact. She did, however, present argument and evidence that she contacted OPM in the weeks just after the administrative judge dismissed her Board appeal without prejudice. *Id*. at 1, 5-8.

¶5    The administrative judge dismissed the appellant's refiled appeal as untimely, without good cause. I-2 AF, Tab 11, Initial Decision (I-2 ID). The appellant has filed a petition for review. *King v. Office of Personnel Management*, MSPB Docket No. NY-0845-15-0291-I-2, Petition for Review (PFR) File, Tab 1.

¶6    When the administrative judge found that the appellant failed to establish good cause for her untimeliness, she relied on the Board's general timeliness standards, rather than those that apply to an untimely refiled appeal.[2] I-2 ID at 3 (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)). We modify the initial decision to incorporate the correct standard but reach the same conclusion; the appellant failed to establish good cause.

¶7    The Board has identified specific standards for determining whether good cause exists for excusing an untimely refiled appeal of a matter previously

---

[2] Although the administrative judge cited the wrong standards in the initial decision, she provided the proper standard in the order instructing the appellant how to establish good cause for her untimeliness. I-2 AF, Tab 4 at 2-3.

dismissed without prejudice. *Sherman v. U.S. Postal Service*, [118 M.S.P.R. 265](#), ¶ 9 (2012). These include the following: the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal. *Id.*

¶8       The appellant is pro se, and the appeal was dismissed without prejudice only once. *E.g.*, IAF, Tab 1; I-2 AF, Tab 1. In addition, OPM did not object to the dismissal, nor did it present evidence that it would be prejudiced by allowing the refiled appeal. ID at 2; I-2 AF, Tab 10. However, the other factors weigh against the appellant. First, it appears that the appellant's initial appeal was also untimely. OPM issued its reconsideration decision in March 2015, with notice that she could appeal the decision to the Board within 30 days, but the appellant did not do so until August 2015. *Compare* IAF, Tab 6 at 6-9, *with* IAF, Tab 1; *see* [5 C.F.R. § 1201.22](#)(b) (providing the time limits for filing a Board appeal). Next, while we could speculate about the appellant's intent to refile after she requested dismissal without prejudice, she has failed to present any persuasive evidence of the same. Instead, the appellant presented argument and evidence showing only that she contacted OPM in the weeks just after the dismissal of her appeal. I-2 AF, Tab 8 at 1, 6-8; PFR File, Tab 1 at 4. The evidence consists of cursory emails in which the appellant simply asked, "has the installment agreement been adjusted?" I-2 AF, Tab 8 at 6-8. Finally, the length of the appellant's delay in refiling, more than a year, is significant, and we find no basis for concluding that there was any confusion or arbitrariness surrounding the deadline. The administrative judge provided the dismissal without prejudice to accommodate the appellant's unpreparedness, and the administrative judge clearly explained the appellant's deadline for refiling. ID at 2-3.

¶9        In sum, after considering the relevant factors, we find that the appellant has not established good cause for her untimely refiled appeal. *See Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶¶ 9-10 (2010) (finding no good cause for a pro se appellant's 4-month delay in refiling his appeal when the initial decision clearly identified the date for refiling, and the appellant failed to provide any evidence justifying any confusion over the deadline), *aff'd*, 414 F. App'x 292 (Fed. Cir. 2011).  We therefore affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  　　　　　　　　　/s/ for
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board

Washington, D.C.