**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL YOUNG, | DOCKET NUMBER |
| Appellant, | DC-1221-17-0423-W-2 |
| v. | |
| NATIONAL AERONAUTICS AND SPACE ADMIN, | DATE: March 20, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul V. Bennett, Esquire, Annapolis, Maryland, for the appellant.

Joanna M. DeLucia, Esquire, Greenbelt, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely refiled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are not in dispute. The appellant timely filed an initial appeal on April 5, 2017. *Young v. National Aeronautics and Space Admin*, MSPB Docket No. DC-1221-17-0423-W-2, Refiled Appeal File (RAF), Tab 5, Initial Decision (ID) at 1. Throughout the proceedings, the appellant and his then-counsel failed to timely and adequately respond to the agency's discovery requests and the administrative judge's orders to produce discovery responses. ID at 2-3. As excuse for this behavior, the appellant's counsel claimed she was very ill during the response period but failed to provide any documentation supporting her claim. *Id.* The administrative judge sanctioned the appellant by limiting the evidence and testimony he could present. *Id.* The administrative judge held the first day of the hearing on September 18, 2017. ID at 3. The second day of the hearing was scheduled for November 2, 2017. *Id.*

On November 1, 2017, at 7:00 p.m., the appellant's counsel submitted a motion for continuance, stating that she was recovering from the flu and would not be able to attend the hearing the following day. *Id.* She did not contact the agency or the administrative judge before filing her motion. *Id.* When the

appellant and his counsel failed to appear for the second day of the hearing, the administrative judge dismissed the appeal without prejudice for refiling. *Id.* The administrative judge set the deadline to refile as January 2, 2018, and instructed the appellant that his refiling must provide medical documentation regarding the incapacity of counsel for the second day of the hearing as well as an explanation of why counsel was unable to contact the agency prior to filing the motion for continuance. ID at 3-4. The appellant refiled his appeal on January 11, 2018, 9 days after the deadline to refile. ID at 4.

The appellant's untimely refiling did not address either of the requirements imposed by the administrative judge, but rather merely stated that his counsel "reserve[d] the right to retain the privacy of her medical information" and that she would provide proof of medical care to the administrative judge "directly, and in confidence." *Id.*; RAF, Tab 1 at 4. The administrative judge issued an order to the appellant to show good cause to waive the late refiling. ID at 4; RAF, Tab 2 at 2-4. He also ordered the appellant to show good cause to continue the hearing. ID at 4; RAF, Tab 2 at 4-5. The appellant's counsel submitted an unsworn pleading in which she requested that the appellant not be penalized for her illness. ID at 4-5; RAF, Tab 3. His counsel stated that she had "represented him diligently for well over a year, and only missed the deadline for requesting a new hearing due to an unexpected and prolonged illness, which culminated in her emergency hospitalization." ID at 5; RAF, Tab 3 at 4. The agency filed a response objecting to the reopening of the appellant's appeal, arguing that the appellant failed to establish good cause for his untimely refiling. ID at 5; RAF, Tab 4 at 5-7.

The administrative judge issued an initial decision dismissing the refiled appeal, finding no good cause shown for the delay. ID at 5. She found that the appellant provided insufficient evidence to support his claim that his counsel was ill and hospitalized. ID at 6-7. She was not persuaded by the appellant's claim that his counsel had "represented him diligently for well over a year" because his

counsel had repeatedly missed deadlines, failed to respond to the administrative judge's order, and requested continuance the night before the second day of the hearing, after the regional office was closed, and without first contacting the agency. ID at 6. Thus, the administrative judge found that the appellant failed to demonstrate good cause for waiving the refiling deadline. ID at 7.

Through new counsel, on March 1, 2018, the appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 3. The appellant argues that he should not be punished for the errors of his prior counsel, the 9-day delay in refiling was minimal, the agency is not prejudiced by waiving the deadline, and that deciding this case on a technicality rather than the merits is a gross miscarriage of justice. *Id.* at 7-11.

## DISCUSSION OF ARGUMENTS ON REVIEW

It is undisputed that the appellant's refiling was untimely by 9 days. The Board may waive its time limits upon a showing of good cause for the delay in filing. *Glover v. Office of Personnel Management*, 92 M.S.P.R. 48, ¶ 5 (2002), *aff'd per curiam*, 66 F. App'x 201 (Fed. Cir. 2003). To establish good cause for a filing delay, a party must show that he exercised diligence or ordinary prudence under the particular circumstances of the case. *Id.* In determining whether good cause has been shown, the Board will consider the length of the delay, the reasonableness of the excuse and a showing of due diligence, whether the party is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits. *Id.* (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). The Board has consistently used the *Alonzo* standard to determine whether good cause exists to waive the timeliness requirement for both original actions and refiled actions. *Baumunk v. Department of Health and Human Services*, 69 M.S.P.R. 622, 625 (1996).[2] The Board has held that its dismissal

---

[2] The administrative judge stated in the Acknowledgment Order, and then applied in the Initial Decision, a set of factors applicable to an untimely refiling in instances wherein

without prejudice should not become a trap to deny the unwary pro se appellant the opportunity to have his case decided on the merits. *Brown v. Office of Personnel Management*, 86 M.S.P.R. 417, ¶ 8 (2000).

On review, the appellant does not challenge the administrative judge's finding that he failed to substantiate his prior attorney's claimed medical excuse. PFR File, Tab 1 at 11; ID at 7; *see White v. Department of Justice*, 103 M.S.P.R. 312, ¶ 13 (2006) (finding an appellant's speculation that his representative's medical problems may have hindered her ability to file on time was insufficient because he failed to show how her medical conditions prevented her from timely filing), *aff'd per curiam*, 230 F. App'x 976 (Fed. Cir. 2007). Rather, he contends that the 9-day delay did not prejudice the agency and that it was the errors of his prior counsel that ultimately led to the untimely filing. PFR File, Tab 1 at 8-11. This argument is unpersuasive. The agency's lack of demonstrated prejudice is not a factor relevant to the good cause analysis, and the Board will consider the issue of prejudice to the agency only after the appellant has shown good cause for an untimely filing. *Garcia v. Department of Veterans Affairs*, 66 M.S.P.R. 610, 615 (1995). Furthermore, the appellant has not demonstrated diligence throughout the proceedings: his counsel failed to respond to the agency's discovery request, did not oppose the agency's motion to compel, untimely and inadequately responded to the administrative judge's order to respond to discovery, received sanctions limiting the evidence and testimony the appellant could provide, missed the second day of the hearing, and failed to timely refile.

---

the dismissal without prejudice was a result of pending criminal proceedings. RAF, Tab 2 at 2; ID at 5-7 (citing *Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶ 8 (2010), *aff'd per curiam*, 414 F. App'x 292 (Fed. Cir. 2011)). However, the Acknowledgment Order correctly identified the factors set forth in *Alonzo* as well, and the analysis within the initial decision is nevertheless correct. RAF, Tab 2 at 2 n.2. Further, the appellant's petition for review also correctly cites the "due diligence and ordinary prudence" standard to establish good cause for an untimely filing. PFR File, Tab 1 at 8. Thus, any error in providing the standard specific to delays related to criminal matters was harmless. *See Gordon v. Department of Army*, 83 M.S.P.R. 545, ¶ 6 (1999) (finding that, absent an adverse effect on an appellant's substantive rights, any error by the administrative judge is harmless and thus of no legal consequence).

ID at 2-4; *Young v. National Aeronautics and Space Admin*, MSPB Docket No. DC-1221-17-0423-W-1, Initial Appeal File, Tabs 16, 8-20, Tab 23 at 2-3; RAF, Tab 3. Despite these failings, the appellant did not obtain new counsel until after the administrative judge dismissed his refiled appeal. PFR File, Tab 1 at 2, 8.

The Board has routinely held that appellants are bound by the action or inaction of their chosen representatives. *Strong v. Department of Navy*, 86 M.S.P.R. 243, ¶ 7 (2000). Negligence on the part of an appellant's attorney does not constitute good cause for a late filing, even if the filing was late by only 1 day. *Goldberg v. Department of Defense*, 39 M.S.P.R. 515, 518 (1989). The Board will only bypass this general rule when the appellant has proven that his diligent efforts to prosecute his appeal were, without his knowledge, thwarted by the attorney's deceptions and negligence. *Strong*, 86 M.S.P.R. 243, ¶ 7. The appellant has not proven such here. The record reflects that the appellant was aware of his counsel's illness prior to the untimely refiling of his appeal. ID at 2. The appellant's prior counsel was unresponsive, missed deadlines, and did not appear for the second day of the hearing; all allegedly due to illness. ID at 2-5. The appellant should have known that he needed to either find a new representative or take action himself; yet, he waited months after learning of his counsel's health problems, and ultimately until after his counsel untimely refiled his appeal, to seek new counsel. *Compare Herring v. Merit Systems Protection Board*, 778 F.3d 1011, 1012-15 (Fed. Cir. 2015) (finding good cause for a 10-day filing delay when the appellant had taken all steps necessary to ensure a timely filing, including contacting her attorney 6 days before the deadline), *and Dabbs v. Department of Veterans Affairs*, 56 M.S.P.R. 57, 60 (1992) (finding good cause when the appellant routinely monitored his counsel's efforts and only ceased when his counsel falsely told him an appeal had been filed), *with Soleto v. Department of Agriculture*, 58 M.S.P.R. 253, 256 (1993) (finding no good cause when the appellant was on notice that some additional action was necessary to file his petition for review, but did not take further action). Waiting until after an

untimely refiling to obtain new counsel, despite notice for months of both the approaching deadline and his then-counsel's general ongoing illness, is insufficient to demonstrate the due diligence requisite for waiver.

Finally, the appellant argues that this appeal should be reopened in the interest of justice. PFR File, Tab 1 at 9-11. He asserts that it would be unfair to penalize him for his counsel's illness and failure to substantiate the same. *Id.* However, the case he cites as support for his position, *Jackson v. Office of Personnel Management*, 89 M.S.P.R. 302 (2001), is distinguishable. PFR File, Tab 1 at 11. In *Jackson*, 89 M.S.P.R. 302, ¶ 6, the appellant's counsel admitted to her calendaring error, which caused a delay in refiling. Considering this factor and others, including the interest of justice and the lack of prior instances of untimeliness in refiling, the Board exercised its discretion to waive the deadline for the untimely refiled appeal. *Id.* In the instant appeal, the appellant has not substantiated his claims that his counsel was ill, and, in any event, the delay was not, as in *Jackson*, a one-time error. *Id.*, ¶¶ 6, 9. As discussed above, the appellant's counsel repeatedly demonstrated an inability to comply with orders and Board requirements. Accordingly, we affirm the initial decision dismissing this appeal as untimely refiled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.