# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CYRIL DAVID DANIEL ORAM JR., <br> Appellant, | DOCKET NUMBER <br> AT-4324-20-0476-M-4 |
| v. | |
| DEPARTMENT OF COMMERCE, <br> Agency. | DATE: June 10, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Cyril David Daniel Oram Jr., Bellingham, Washington, pro se.

Janell N. Bell-Burnett, Suitland, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal as untimely refiled without good cause. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In August 2018, the agency selected the appellant, a disabled veteran, for a GS-12 IT Specialist appointment with the Census Bureau. *Oram v. Department of Commerce*, MSPB Docket No. AT-4324-20-0476-M-1, Remand File (M-1 RF), Tab 6 at 13; *Oram v. Department of Commerce*, MSPB Docket No. AT-4324-20-0476-M-4, Remand File (M-4 RF), Tab 5 at 13. Due to his mother's severe illness, he requested to use leave under the Family and Medical Leave Act of 1993 (FMLA) upon entry to his position, or he would "need to withdraw from consideration." M-1 RF, Tab 6 at 44. The agency denied the appellant's FMLA request because he was not yet an employee and "accept[ed] his] withdrawal from consideration." *Id.*

The appellant filed an initial appeal alleging that the agency's actions were due to "military affiliation animus" in violation of USERRA. *Oram v. Department of Commerce*, MSPB Docket No. AT-4324-20-0476-I-1, Initial Appeal File (IAF), Tab 1 at 6. The administrative judge issued an initial decision that dismissed the appeal, finding that the appellant failed to nonfrivolously allege that the Board had jurisdiction over his appeal. IAF, Tab 6, Initial Decision at 1, 5-8.

The U.S. Court of Appeals for the Federal Circuit remanded the case, holding that "the Board should take a 'liberal approach in determining whether jurisdiction exists under USERRA,'" and if the appellant does not further "develop [his] allegations, his USERRA claim should simply later be denied on the merits." *Oram v. Merit Systems Protection Board*, 855 F. App'x 699, 701 (Fed. Cir. 2021) (per curiam) (quoting *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998)). The Board, in turn, remanded the appeal to the regional office. M-1 RF, Tab 3. The regional office acknowledged the

remanded appeal. M-1 RF, Tab 4. Over the course of the following 15 months, the administrative judge dismissed the appellant's USERRA appeal without prejudice 3 times at the appellant's request. M-1 RF, Tab 8 at 4, Tab 9, Initial Decision at 2 (dismissing the appeal without prejudice at the appellant's request "pending the outcome of a [related] proceeding before the Office of Personnel Management (OPM)); *Oram v. Department of Commerce*, MSPB Docket No. AT-4324-20-0476-M-2, Remand File (M-2 RF), Tab 9 at 4-5, Tab 10, Initial Decision at 2 (granting the parties' joint request to dismiss the appeal without prejudice based in part "on the appellant's having to care for his critically-ill parent"); *Oram v. Department of Commerce*, MSPB Docket No. AT-4324-20-0476-M-3, Remand File (M-3 RF), Tab 5, Tab 6, Initial Decision at 2 (granting the appellant's request to dismiss his appeal without prejudice due to "his own poor health and that of his mother").

In dismissing the case for the third time, the administrative judge instructed the appellant that he could "re-file the appeal after November 9, 2022, and must refile the appeal, if at all, by not later than April 4, 2023. It is the appellant's responsibility to re-file the appeal." M-3 RF, Initial Decision at 2 (emphasis in original). The appellant refiled his appeal on April 7, 2023. M-4 RF, Tab 1. The administrative judge issued an Order on Timeliness explaining that "there [was] a question [of] whether this appeal was refiled within the period established when it was dismissed without prejudice. As a result, the Board might dismiss the appeal as untimely filed without addressing the merits of the case." M-4 RF, Tab 4 at 1. The administrative judge ordered the appellant to file evidence and argument showing either that he timely refiled his appeal or that good cause exists to excuse the delay in refiling. *Id.* at 2.

In his response to the Order on Timeliness, the appellant argued that because his appeal arose under USERRA, the regional office should have "automatically refiled [his appeal] at the expiration of any time limit placed by the [administrative judge]." M-4 RF, Tab 5 at 8-9. The appellant also argued

that even if he was required to personally refile his appeal and missed the refiling deadline, he established good cause for waiver.  He pointed to severe illness and death in his immediate family, his own injury and the resulting nerve damage that impaired his ability to read and write, and delays resulting from "return[ing]" from Maryland to Washington State.  *Id.* at 6, 8, 14.  He also noted that the delay of 3 days was relatively short.  *Id.* at 8.  With his response, the appellant submitted several emergency room notes showing that he had been intermittently seen for treatment and was restricted from typing between February and April 2023.  *Id.* at 10-12.  The agency replied, arguing the appeal should be dismissed as untimely filed without good cause.  M-4 RF, Tab 7.

The administrative judge issued an initial decision that dismissed the appeal as untimely refiled without good cause.  M-4 RF, Tab 8, Initial Decision (ID) at 2, 5.  He found that the appellant did not comply with the specific instructions regarding refiling and that neither the death in the appellant's immediate family nor his physical illness were sufficient reasons for waiver.  ID at 2-5.  Further, the administrative judge noted that the appellant "is an experienced litigant before the Board, having filed many previous appeals with several of the Board's regional offices."  ID at 3.

The appellant has filed a timely petition for review.[2]  Petition for Review (PFR) File, Tab 3.  On review, the appellant reiterates that the regional office should have automatically redocketed his appeal and his untimeliness should have been excused.  *Id.* at 12.  He disputes the administrative judge's claim that he is an experienced litigant, argues the merits of his appeal, and challenges the fairness of the appeal process in this and his other related appeals.  *Id.* at 5-13.

[2] In an acknowledgment letter, the Office of the Clerk of the Board explained that the petition for review was timely filed on July 7, 2023, but because Board documents reflect the Eastern Time Zone, and the appellant was located in the Pacific Time Zone, the filing date was reflected in the Board's records as July 8, 2023, instead of July 7, 2023.  Petition for Review (PFR) File, Tab 4 at 1.  Perhaps confused by the Board's wording, the appellant moved for leave to file a pleading addressing the timeliness of his petition for review.  PFR File, Tab 5 at 4.  We deny the appellant's motion as unnecessary.

For the first time on review, the appellant requests disqualification of the administrative judge on remand because the administrative judge was not "fair and unbiased." *Id.* at 14. The agency has filed a response to the petition for review, and the appellant filed a reply. PFR File, Tabs 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We deem the appeal to have been timely refiled on April 4, 2023.</u>

Dismissal without prejudice should not become a trap to deny an appellant the opportunity to have his case decided on the merits. *Nelson v. U.S. Postal Service*, 113 M.S.P.R. 644, ¶ 8 (2010), *aff'd per curium*, 414 F. App'x 292 (Fed. Cir 2011). This is especially true of USERRA appeals. In *Milner v. Department of Justice*, 87 M.S.P.R. 660, ¶ 13 (2001), the Board clarified its policy that to effectuate the USERRA statutory scheme, which contains no time limit for filing USERRA appeals, a USERRA case that has been dismissed without prejudice to refiling will be considered automatically refiled by the date set forth in the dismissal order. *See* 5 C.F.R. § 1208.12 (stating that there is no time limit for filing a USERRA appeal). The exception to this policy is if there is evidence that the appellant has abandoned the appeal. *Milner*, 87 M.S.P.R. 660, ¶ 13; *see Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶¶ 6-7, 13 (2009) (finding it appropriate to apply the Board's policy that USERRA appeals dismissed without prejudice are automatically refiled, first announced in *Milner*, to a Veterans Employment Opportunities Act of 1998 appeal that an administrative judge dismissed sua sponte over the appellant's objection).

On review, the appellant reargues that the administrative judge erred when he did not automatically refile the appeal. M-4 RF, Tab 5 at 9; PFR File, Tab 3 at 12. He asserts that the appeal was effectively refiled on the date set forth in the prior initial decision. M-4 RF, Tab 5 at 9; PFR File, Tab 3 at 12. We agree.

Although the appeal was dismissed without prejudice three times previously, there is no indication that the appellant abandoned his USERRA

claim. The appellant requested the three dismissals without prejudice because of related proceedings at OPM, his responsibility in caring for a critically ill parent, and his own physical injuries. M-1 RF, Tab 9 at 2; M-2 RF, Tab 10 at 2; M-3 RF, Tab 5, Tab 6 at 2. Nowhere across the three prior appeals, below, or before the Board on review has the appellant indicated a desire to abandon his USERRA claim. In contrast, at each stage of his appeal, the appellant has pursued his USERRA claim. *Oram*, 855 F. App'x at 700-01; M-1 RF, Tab 7 at 4-7 (detailing the appellant's attempts to conduct discovery for his USERRA claim); M-2 RF, Tab 1 at 3 (refiling his USERRA appeal, but requesting a continuance to complete his related proceeding before OPM); M-3 RF, Tab 5 at 3 (acknowledging the automatic refiling of his USERRA claim but requesting an extension or a dismissal without prejudice due to his mother's critical illness and his own physical injuries).

Therefore, we deem the appeal to have been automatically refiled on April 4, 2023, the date set forth in the dismissal order. In light of our finding that the appeal was timely refiled, we do not reach the parties' arguments as to whether the appellant showed good cause for his purported delay or consider the evidence that the appellant submits on review regarding the reasons for his delay.

<u>We deny the appellant's request for a different administrative judge on remand.</u>

On review, the appellant requests that the Board assign a different administrative judge to his case. PFR File, Tab 3 at 14. Recusal of an administrative judge is required when a reasonable person, knowing all the facts, would question the administrative judge's impartiality. *Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 7 (citing 28 U.S.C. § 455(a)). Here, the appellant made conclusory statements of bias, but did not point to evidence in the record to support his claim of the administrative judge's "disdain for [p]ro se appellants." PFR File, Tab 3 at 9. For example, the appellant argues that the administrative judge's bifurcation of his original appeal into separate claims

"made it nearly impossible for the pro se [appellant] to provide a clear and concise set of events for which a decision could be made" or to "timely object to the [administrative judge's] actions." *Id.* at 6. He also argues that "the assigned [administrative judge] cannot be concluded to be providing the [a]ppellant a fair and unbiased redress." *Id.* at 14.

These conclusory statements of bias and disagreement with the administrative judge's procedural handling of his appeal would not lead a reasonable person to question the judge's impartiality. *Baker*, 2022 MSPB 27, ¶¶ 2-3, 18-19 (holding the administrative judge erred by not granting an appellant's motion for recusal when the administrative judge maintained an ongoing and undefined personal relationship with an attorney who worked in the same office as the appellant, the appellant had made alleged whistleblowing disclosures to the attorney's two coworkers that served as bases for his appeal, and the attorney and her coworkers had negative views of the appellant). Accordingly, the appellant's request for disqualification of the administrative judge is denied. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 281 (1991) (stating that a party must make a substantial showing of personal bias to overcome an administrative judge's presumed honesty and integrity, and an administrative judge's past ruling against a party is insufficient to warrant disqualification).[3]

---

[3] In his reply to the agency's response to his petition for review, the appellant argues that the agency committed errors in his hiring process, he was entitled to a permanent rather than a 2-year appointment, and he was the victim of whistleblower reprisal. PFR File, Tab 9 at 4-18. A reply is limited to the factual and legal issues raised by another party in the response to the petition for review. 5 C.F.R. § 1201.114(a)(4). It may not raise new allegations of error. *Id.* Because the appellant's arguments concern matters not raised in the agency's response, we will not consider them. *See Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.3 (declining to consider arguments first raised in the appellant's reply). The appellant also has submitted documents with his reply. PFR File, Tab 9 at 19-46. The Board may grant a petition for review when a party presents new and material evidence that, despite the petitioner's due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d). We need not determine whether this evidence is new, because it is not material to the dispositive timeliness issue before us. *See Alvarado v. Office of Personnel Management*, 113 M.S.P.R. 407, ¶ 6 (2010) (declining to consider documents that an appellant submitted for the first time with his petition for review because he did not show that they were relevant to the timeliness

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. In light of this Remand Order, we also dismiss as unnecessary the appellant's motion (PFR File, Tab 5) requesting leave to respond to the Board's Acknowledgement letter (PFR File, Tab 4).

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

issue before the Board and that he could not have obtained them despite his due diligence before the record closed below). Therefore, we have not considered the appellant's reply.